

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERELL STEWART, #352-314           *
    Plaintiff
                                        *

v.                                       CIVIL ACTION NO. ELH-11-2122
                                        *

WARDEN,
    Defendant                        *
                                        ******

## **MEMORANDUM**

The court is in receipt of correspondence from plaintiff which has been construed as a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff states that he was transferred from the Baltimore City Detention Center ("BCDC") to the Jessup Correctional Institution ("JCI"). He claims that he had $90.69 in his account at BCDC and that the money has not been transferred to his account at JCI. ECF No. 1. Because plaintiff appears indigent, he shall be granted leave to proceed in forma pauperis.

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.[1] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2] Thus, the complaint presented here shall

---

[1] Plaintiff may avail himself of remedies under Maryland's Tort Claims Act and through the Inmate Grievance Office.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on

be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

      A separate Order follows.

8/4/11
Date

Ellen L. Hollander
United States District Judge

---

*Parratt* in dismissing plaintiff's due process claim.